## SUPREME COURT.

DANIEL CHAPMAN agt. REUBEN H. FOSTER, HEMAN G. DICK-
ERSON and others.

Where one of several defendants died pending the reference of an action, which
survived to his legal representatives, and the surviving defendant who had
appeared and answered, moved the court for a dismissal of the complaint as
against him, the plaintiff having neglected to proceed and bring in the heirs
or devisees of the deceased defendant, either by motion or by supplemental
complaint,

The court, in order to set the plaintiff in motion, if he ever intended to start,
directed an order that the complaint be dismissed as to the moving defendant
with costs, unless the plaintiff within sixty days from the service of the order
obtain leave, and file a supplemental complaint, and issue a summons thereon
against the persons representing the interest of the deceased defendant.

*Wayne Special Term, October,* 1856.

MOTION by defendant Reuben H. Foster, for a rule or
order dismissing the complaint, and directing judgment against
the plaintiff for costs, or for such other order as the court may
see proper to grant.

F. E. CORNWELL, *for the motion.*
WILLIAM CLARK, *opposed.*

WELLES, Justice.    The action was commenced in July,
·1852, to foreclose a mortgage given by Patrick Garroughty,
one of the defendants, to the plaintiff, and the defendant
Dickerson, and to restrain Saxon B. Gavitt, clerk of Wayne
county, who is also a defendant, from discharging the mort-
gage of record upon a satisfaction piece executed by the
said defendant Dickerson, one of the mortgagees, and for
the purpose of enforcing the lien of the mortgage for the
benefit of the plaintiff.   Joseph F. ·Pollock and Reuben H.
Foster were made defendants, as having or claiming some in-
terest in the mortgaged premises as purchasers, or otherwise,

VOL. XV.              16

which, if any, the complaint charges, are subsequent and inferior to the mortgage.

The defendants Foster and Pollock appeared and answered separately; neither of the other defendants have appeared or answered.

Issue being joined between the plaintiff and the defendants Foster and Pollock, the action was referred at the Wayne circuit, in October, 1852 to L. Sherwood, to hear and determine the same. The cause was brought to a hearing before the referee on the 19th of February, 1853, when the plaintiff introduced his proofs, and rested. Thereupon the defendant's counsel moved for a nonsuit; and upon the referee intimating an opinion that the motion would be granted, the plaintiff procured leave to introduce further evidence, and thereupon the hearing was indefinitely postponed, and no proceedings have since been had or taken on behalf of the plaintiff. The defendant Pollock died on the 22d July, 1855, claiming to be seized in fee of the mortgaged premises, having devised the same by his last will and testament.

The time has elapsed for the plaintiff to have the heirs or devisees of Pollock substituted in his place as defendants by motion.

The only way to have the action continued against his successors in interest, after a year from his death, is by supplemental complaint, (*Code*, § 121,) and the plaintiff must obtain leave for that purpose on motion. It is quite manifest from an inspection of the pleadings, that the interest of Pollock as claimed in his answer, survives to his heirs or devisees, and it would probably be of no avail to the plaintiff to proceed in the action, without first bringing them in as parties in some way, as no judgment which the court could give would affect them, unless they were parties. The defendant Foster cannot take any measures to bring them in, and he is entitled to have the controversy brought to a conclusion in some way. I can see no objection to his bringing on the hearing before the referee at once, and if he can obtain a report in his favor, to enter judgment upon it. This, probably, the plaintiff

would not care to have done, and there may be a difficulty in the defendants proceeding in the way suggested, pending the defect of parties. Such difficulty would probably exist, if the interest of the defendants Foster and Pollock were so connected as to render a judgment in Foster's favor improper in the absence of the representatives of the interest of Pollock.

These difficulties, I think, upon the whole, may be best avoided, by setting the plaintiff in motion, with a view to bringing in the necessary parties to represent the interests of Pollock. I shall, therefore, direct an order that the plaintiff's complaint be dismissed as to the defendant Foster, with costs, unless the plaintiff, within sixty days from the service of this order, obtain leave, and file a supplemental complaint, and issue a summons thereon, against the persons representing the interest of the defendant Pollock; no costs of this motion allowed to either party as against the other.